IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MICHAEL MERRITT KOSTENKO,

        Plaintiff,

v.                                      CIVIL ACTION NO.   5:12-cv-01882

U. S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES, and
SECRETARY KATHLEEN SEBELIUS,

        Defendants.

**ORDER**

The Court has reviewed *Defendant's Motion to Strike First Amended Petition* (Document 17), wherein Defendant argues that Plaintiff's First Amended Petition (Document 16) should be stricken from the record because Plaintiff neither received permission from the Court to amend his petition nor obtained Defendant's written consent as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure.  Furthermore, Defendant contends that Plaintiff's First Amended Petition does not meet the requirements of Rule 8(a)(1) and (2) of the Federal Rules of Civil Procedure, which require Plaintiff to present "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(1) and (2).   Defendant also argues that to the extent Plaintiff asserts a new cause of action against the National Institute for Occupational Safety and Health ("NIOSH"), Plaintiff has not shown that the Court has proper subject matter jurisdiction over NIOSH as NIOSH, a federal agency, has not waived its sovereign immunity.

Even if the Court were to construe Plaintiff's *Notice to Court of Petitioner's Intent to Amend Complaint* (Document 14) as a motion and grant it, Plaintiff's First Amended Petition does not meet the requirements of the Federal Rule of Civil Procedure. Allegations "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

Although Plaintiff is acting pro se, and, thus, his pleadings are entitled to liberal construction, *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Drummond v. South Carolina Dept. of Corrections,* 2012 WL 5077575 (D.S.C.2012 Oct. 1, 2012) (citing *Weller v. Dep't of Social Servs.,* 901 F.2d 387, 390-91 (4th Cir.1990). Plaintiff's First Amended Petition is filled with lists of grievances, unsupported allegations, and conclusions of fact and law. Furthermore, it confuses the issues and is barely comprehensible. "Rule [12(f)] is not only the appropriate remedy for the striking of 'any redundant, immaterial, impertinent, or scandalous matter,' but 'also is designed to reinforce the requirements in Rule 8(e) that pleadings be simple, concise, and direct.'" *In re Merrill Lynch & Co, Inc. Research Reports Securities Litigation* 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2d. ed.1990).

Therefore, after careful consideration and without objection, the Court **ORDERS** that Defendant's motion (Document 17) be **GRANTED** and that Plaintiff's First Amended Petition (Document 16) be **STRICKEN** from the record.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   December 10, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA